UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| PATRICIA A. WILLIAMS, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>PARAMOUNT INVESTMENTS LLC, *et al.*, )<br>　　　　Defendants. )<br>_____ ) | | Civil Action No. 2:21cv634 |

**MEMORANDUM OPINION**

Plaintiff Patricia A. Williams ("Plaintiff"), appearing *pro se*, filed this action against Paramount Investments LLC ("Paramount"), Select Portfolio Servicing, Inc. ("SPS"), BWW Law Group LLC ("BWW"), and the City of Suffolk Sheriff Department ("SSD") (collectively "Defendants"). Compl., ECF No. 1. This matter is before the Court on (i) SPS's Motion to Dismiss, ECF No. 11; (ii) Paramount's Motion to Dismiss, ECF No. 5; and (iii) Paramount's Motion for Sanctions, ECF No. 7. This matter is also before the Court to address Plaintiff's failure to properly serve BWW and the SSD.

For the reasons set forth below, SPS's Motion to Dismiss, ECF No. 11, will be GRANTED; Paramount's Motion to Dismiss, ECF No. 5, will be GRANTED; and Paramount's Motion for Sanctions, ECF No. 7, will be DENIED. Additionally, Plaintiff will be ORDERED to SHOW CAUSE, within fourteen days, why BWW and the SSD should not be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**I. RELEVANT PROCEDURAL BACKGROUND**

On December 1, 2021, Plaintiff paid the requisite fees and filed this action against Defendants. Compl., ECF No. 1. On December 8, 2021, Paramount filed a Motion to Dismiss

and a Motion for Sanctions and provided Plaintiff a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. Paramount's Mot. Dismiss at 1-2, ECF No. 5; Paramount's Mot. Sanctions, ECF No. 7; *see* E.D. Va. Loc. Civ. R. 7(K).  Plaintiff did not respond to either of Paramount's motions, and her deadlines to do so have expired.

On December 27, 2021, SPS filed a Motion to Dismiss and provided Plaintiff a proper *Roseboro* Notice.  SPS's Mot. Dismiss at 1-2, ECF No. 11.  Plaintiff did not respond to SPS's dismissal motion, and her deadline to do so has expired.

BWW and the SSD have not appeared in this action; however, as set forth in more detail herein, Plaintiff has not established that BWW and the SSD were properly served with process.

## II.  SPS AND PARAMOUNT'S MOTIONS TO DISMISS

### A.  Standard of Review Under Federal Rule 12(b)(6)

SPS and Paramount argue that Plaintiff's claims against them must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  "Although the truth of the facts alleged is assumed,

---

[1] Paramount also seeks dismissal of this action under Federal Rule 12(b)(1) and argues that the Court lacks subject matter jurisdiction over Plaintiff's lawsuit because "the issues raised by the Plaintiff should be heard in the Suffolk General District Court."  Mem. Supp. Paramount's Mot. Dismiss at 1-3, ECF No. 6.  However, as set forth in more detail herein, Plaintiff's Complaint asserts several federal claims against Defendants.  Thus, the Court finds that jurisdiction is proper in this Court.

courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000)). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court is required to liberally construe complaints filed by *pro se* litigants; however, the Court "cannot act as a *pro se* litigant's 'advocate and develop, *sua sponte*, . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'" *Bolton v. Chesterfield Cnty. Sch. Bd.*, No. 3:19cv558, 2020 U.S. Dist. LEXIS 177072, at *5 (E.D. Va. Sept. 25, 2020) (alterations in original) (citation omitted); *see Jackson v. Wilhelm Rest. Grp., Inc.*, No. 1:22cv165, 2022 U.S. Dist. LEXIS 61093, at *5 (E.D. Va. Mar. 30, 2022) (explaining that a court's requirement to liberally construe a *pro se* complaint "neither excuses a *pro se* plaintiff of his obligation to 'clear the modest hurdle of stating a plausible claim' nor transforms the court into his advocate" (citation omitted)).

### B. SPS's Motion to Dismiss

#### 1. Factual Allegations Against SPS

Plaintiff only asserts factual allegations against SPS in Paragraph 9 of her Complaint, which states:

> On January 1, 2020, [SPS] created and sent by way of the United States Postal Service mail, a fictitious obligation. The defendant was attempting to collect a debt that was not previously contracted and seeking to defraud the plaintiff with specific intent. The defendant's actions violated Public Law 111-203, title X, 124 Stat. 2092 (2010), 15 U.S.C. 1692i. Therefore, under Title 18 part I, chapter 25 section 514, defendants have tried to impose a fictitious obligation.

Compl. ¶ 9, ECF No. 1.

### 2. Analysis

In its Motion to Dismiss, SPS argues that the factual allegations of Plaintiff's Complaint do not "rise beyond mere conclusory statements" and fail to "state a plausible claim for relief" against SPS. Mem. Supp. SPS's Mot. Dismiss at 3, ECF No. 12. SPS further argues that "[t]he Complaint leaves entirely unclear what unlawful action SPS allegedly took or the particular statutory requirement it violated." *Id.* SPS presumes that Plaintiff intends to assert a claim against SPS pursuant to the Fair Debt Collection Practices Act ("FDCPA"); however, SPS argues:

> Plaintiff's unintelligible Complaint fails to allege which provision of the FDCPA she contends SPS violated. Nor has she set forth any facts that would support a claim against SPS for false representations or deceptive means in collecting a debt. She alleges only that SPS mailed her a document, which she contends—in conclusory language without providing any further detail—constitutes a "fictitious obligation" and was thus an attempt "to collect a debt not previously contracted and seeking to defraud the [P]laintiff with specific intent." (ECF No. 1 at ¶ 9). Even given their most charitable interpretation, these purely conclusory allegations do not pass muster under *Twombly* and *Iqbal*. Plaintiff has failed to meet her minimal "obligation to provide the grounds of [her] entitle[ment] to relief" beyond mere "labels and conclusions." *Twombly*, 550 U.S. at 555. Her Complaint must be dismissed accordingly.

*Id.* at 4.

With respect to the reference in Plaintiff's Complaint to 18 U.S.C. § 514, SPS argues that (i) this is a criminal statute that does not provide for a private cause of action; and (ii) even if Plaintiff could assert a civil claim for the violation of this statute, the Complaint fails to allege sufficient facts to show that SPS violated the statute. *Id.* at 5.

Upon review, the Court finds that Plaintiff's Complaint fails to state any claim against SPS on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To the extent that Plaintiff intends to assert an FDCPA claim against SPS, the Court finds that Plaintiff does not adequately identify

the particular provision of the FDCPA that SPS allegedly violated.² Further, the Court finds that the factual allegations asserted against SPS, liberally construed, fall far short of stating any claim for relief under the FDCPA against SPS "that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 (explaining that "mere conclusory statements . . . do not suffice" to survive a motion to dismiss).

To the extent that Plaintiff intends to assert a claim against SPS pursuant to 18 U.S.C. § 514, the Court finds that Plaintiff cannot do so because § 514 is a criminal statute that does not provide for a private cause of action. *See* 18 U.S.C. § 514; *see also Loggins v. Hollins*, No. 4:21cv1139, 2021 U.S. Dist. LEXIS 197656, at * 8 (E.D. Mo. Oct. 14, 2021) (noting that "the plain language of 18 U.S.C. § 514 . . . does not create a civil cause of action, and it is not apparent that Congress intended to create one"); *Gross v. USAA Corp.*, No. 3:04-230, 2005 U.S. Dist. LEXIS 53408, at *3 (M.D. Tenn. Oct. 12, 2005) (explaining that 18 U.S.C. § 514 does not provide for a private cause of action).

For these reasons, the Court finds that dismissal of this action against SPS is warranted pursuant to Federal Rule 12(b)(6). Accordingly, SPS's Motion to Dismiss, ECF No. 11, will be GRANTED.

### C. Paramount's Motion to Dismiss

#### 1. Factual Allegations Against Paramount

Like SPS, Plaintiff's Complaint contains only one paragraph of factual allegations against Paramount. Compl. ¶ 11. In Paragraph 11 of the Complaint, Plaintiff alleges:

> On September 22, 2021, Paramount . . . trespassed onto private property, to illegally restrict my entry into my home by placing a tension lock on the front entrance door. Affixing to the front door an unverified claim of ownership. On the same day an

---

² The specific section of the FDCPA cited by Plaintiff in her Complaint, 15 U.S.C. § 1692i, is a venue provision that explains where a debt collector may bring a legal action on a debt against a consumer. 15 U.S.C. § 1692i; *see* Compl. ¶ 9, ECF No. 1.

> agent of Paramount . . . contacted the plaintiff via telephone to harass and extort money from the plaintiff. The actions of Paramount . . . and their agents are in violation of 15 U.S.C. 1692c, 24 CFR 27.103, 18 U.S.C. 1863, 1864, 18 U.S.C. 1962 (a)(b) and 1963, 18 U.S.C. § 1961. The actions of the defendants violated the Fourth Amendment Rights of the plaintiff to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. Their Fifth Amendment Right to not be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation. The actions of the defendants are in violation of Article I Section 1 of the Virginia Constitution.

*Id.*[3] (errors in original).

### 2. Analysis

In its Motion to Dismiss, Paramount argues that Plaintiff's Complaint fails to state any claim against Paramount on which relief may be granted. Mem. Supp. Paramount's Mot. Dismiss at 1-3, ECF No. 6.

As summarized above, Plaintiff's Complaint refers to Paramount's alleged violations of 15 U.S.C. § 1692c, 24 C.F.R. § 27.103, 18 U.S.C. §§ 1863, 1864, 1961, 1962 (a),(b) and 1963, the Fourth and Fifth Amendments to the United States Constitution, and Article I, Section 1 of the Virginia Constitution. Compl. ¶ 11. The Court will address each asserted claim in turn.

Plaintiff's first asserted claim, 15 U.S.C. § 1692c, is a provision of the FDCPA that prohibits debt collectors from communicating with consumers under certain circumstances. *See*

---

[3] Plaintiff attached certain exhibits to her Complaint that shed some additional light on the facts of this case. For example, Plaintiff attached a Summons for Unlawful Detainer to her Complaint. Summons Unlawful Detainer, ECF No. 1, at 13. Paramount filed the Summons for Unlawful Detainer on October 14, 2021, in the Suffolk General District Court against Harlie Williams, who appears to be Plaintiff's former spouse, and Plaintiff, who has legally changed her name to Nefertari Kwenu Heka Watson Bey. *Id.*; *see* Order Change Name, ECF No. 1, at 12; Aff., ECF No. 1, at 20 (referring to Plaintiff's former spouse). In the Summons for Unlawful Detainer, Paramount stated that it purchased Plaintiff's home, but Plaintiff did not vacate the premises. Summons Unlawful Detainer at 1. Paramount sought $3,092.02 in unpaid rent, from September 26, 2021 through November 17, 2021, as well as costs, attorney's fees, and a termination of the tenancy. *Id.* Pursuant to publicly available court records, of which this Court may take judicial notice, Paramount was awarded the relief it requested, in addition to immediate possession of the home, following a hearing before the Suffolk General District Court on November 17, 2021. *See Paramount Investments LLC v. Williams*, No. GV21003879-00, available at https://www.vacourts.gov/caseinfo/home.html (last visited Aug. 4, 2022); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that the Court "may properly take judicial notice of matters of public record").

15 U.S.C. § 1692c; *see also Thurmond v. Bayview Loan Servicing, LLC*, No. 3:17cv196, 2017 U.S. Dist. LEXIS 204543, at *17 (E.D. Va. Dec. 12, 2017).  Upon review of Plaintiff's Complaint, the Court finds that Plaintiff does not adequately identify the particular prohibited conduct in which Paramount allegedly engaged.  *See Thurmond*, 2017 U.S. Dist. LEXIS 204543, at *18 (dismissing a *pro se* plaintiff's claim under § 1692c after finding that the factual allegations were conclusory and failed to adequately identify the specific manner in which the alleged conduct violated § 1692c).  Additionally, the Court finds that the factual allegations asserted against Paramount, liberally construed, do not establish that Paramount is a debt collector for purposes of the FDCPA, and fall far short of stating any claim for relief against Paramount under the FDCPA "that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 (explaining that "mere conclusory statements . . . do not suffice" to survive a motion to dismiss).

Next, Plaintiff appears to assert a claim against Paramount under 24 C.F.R. § 27.103. Compl. ¶ 11.  Section 27.103 places requirements on "[t]he foreclosure commissioner" and sets forth certain information that must be included in a "Notice of Default and Foreclosure Sale." 24 C.F.R. § 27.103.  The provisions of § 27.103 do not appear to relate, in any fashion, to the alleged conduct of Paramount set forth in Plaintiff's Complaint.

Similarly, the Court finds that 18 U.S.C. §§ 1863, 1864, 1961, 1962 (a), (b) and 1963 do not relate to the alleged conduct of Paramount.  *See* 18 U.S.C. § 1863 (prohibiting trespass on national forest lands); 18 U.S.C. § 1864 (prohibiting hazardous or injurious devices on federal land or an Indian reservation); 18 U.S.C. §§ 1961, 1962(a), (b), 1963 (summarizing the definitions, prohibited activities, and criminal penalties under the Racketeer Influenced and Corrupt Organizations Act).

Plaintiff's claims for the violation of her rights under the Fourth and Fifth Amendments would necessarily be brought under 42 U.S.C. § 1983.  To state a § 1983 violation, Plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The conduct necessary to implicate § 1983 "must be 'fairly attributable to the State.'  The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (citations omitted).  Here, Plaintiff does not provide any factual allegations to suggest that Paramount may properly be considered to be a state actor.  Without a state actor, Plaintiff cannot state a plausible claim for relief under § 1983.

Finally, Plaintiff refers, without explanation, to an alleged violation of Article I, Section 1 of the Virginia Constitution.  Compl. ¶ 11.  Upon review, the Court finds that Plaintiff's Complaint does not adequately explain the manner in which Paramount's alleged conduct violated this constitutional provision.  The Court further finds that the factual allegations asserted against Paramount, liberally construed, do not state a plausible claim for relief under Article I, Section 1 of the Virginia Constitution.

For these reasons, the Court finds that dismissal of this action against Paramount is warranted pursuant to Federal Rule 12(b)(6).  Accordingly, Paramount's Motion to Dismiss, ECF No. 5, will be GRANTED.

### III. PARAMOUNT'S MOTION FOR SANCTIONS

Paramount filed a Motion for Sanctions, in which it claims that (i) Plaintiff's lawsuit lacks merit; (ii) Plaintiff filed her lawsuit for improper purposes; and (iii) Plaintiff's actions have caused

Paramount to incur unnecessary litigation costs. Mem. Supp. Paramount's Mot. Sanctions at 1-2, ECF No. 8. Paramount argues that Plaintiff's actions warrant monetary sanctions, and asks the Court to order Plaintiff to pay Paramount's attorney's fees and costs. *Id.* at 3; *see* Paramount's Mot. Sanctions at 2, ECF No. 7.

Although the Court has determined, as summarized above, that Plaintiff's Complaint fails to state a plausible claim for relief against Paramount, the Court finds that Paramount has not adequately established that monetary sanctions are warranted against this *pro se* Plaintiff. Accordingly, Paramount's Motion for Sanctions, ECF No. 7, will be DENIED.

### IV.   BWW AND THE SSD

As noted above, Plaintiff filed her Complaint and paid the requisite filing fees on December 1, 2021.[4] *See* Compl., ECF No. 1. On December 2, 2021, Plaintiff filed Executed Summonses with the Court, which include Proofs of Service that indicate the manner by which Plaintiff attempted to serve each Defendant with process. Executed Summonses, ECF No. 3. With respect to the SSD, the Proof of Service indicates that an individual named Donna Pankey attempted to serve the SSD on December 1, 2021; however, Lieutenant Goodwin refused to accept service on behalf of the SSD. *Id.* at 2. On December 2, 2021, Ms. Pankey attempted to serve the SSD by sending "Priority Mail Express" to "City of Suffolk Sheriff Department" at 150 North Main St., Suffolk, VA 23434. *Id.* at 1-2. With respect to BWW, the Proof of Service indicates that Ms. Pankey attempted to serve BWW on December 2, 2021, by sending "Priority Mail Express" to BWW's registered agent, Robert R. Michael, at 6003 Executive Blvd., Suite 101, Rockville, MD 20852. *Id.* at 5-6.

---

[4] Because Plaintiff paid the requisite filing fees, Plaintiff is responsible for effecting service on Defendants.

Upon review, the Court finds that neither the SSD nor BWW were properly served with process in this action.[5] *See* Fed. R. Civ. P. 4(h), (j). Federal Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff's deadline to serve BWW and the SSD expired on March 1, 2022; however, Plaintiff has not established that BWW or the SSD were properly served with process in this action. Accordingly, Plaintiff will be ORDERED to SHOW CAUSE, within fourteen days, why BWW and the SSD should not be dismissed from this action pursuant to Federal Rule 4(m).

## V. CONCLUSION

For the reasons set forth above, SPS's Motion to Dismiss, ECF No. 11, will be GRANTED; Paramount's Motion to Dismiss, ECF No. 5, will be GRANTED; and Paramount's Motion for Sanctions, ECF No. 7, will be DENIED. Additionally, Plaintiff will be ORDERED to SHOW CAUSE, within fourteen days, why BWW and the SSD should not be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

An appropriate Order shall issue.

/s/ *Roderick C. Young*
Roderick C. Young
United States District Judge

Richmond, Virginia
August 22, 2022

---

[5] According to publicly available records on Virginia's State Corporation Commission website, BWW's registered agent, Mr. Michael, is not located in Maryland. *See* https://www.scc.virginia.gov/ (last visited Aug. 4, 2022).